# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JEANEVA D. BROWN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-13-431-FHS-SPS |
| ) | |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of the Social** ) | |
| **Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

The claimant Jeaneva D. Brown requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining that she was not disabled. As set forth below, the decision of the Commissioner should be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security

regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on September 25, 1961, and was fifty years old at the time of the administrative hearing (Tr. 34, 112). She completed the eleventh grade and earned a CNA in 2007, and has worked as a CNA, housekeeper and laundry aid, cashier, and break press operator (Tr. 26, 143-144). The claimant alleges inability to work since January 28, 2011, due to carpal tunnel and tendonitis in both arms (Tr. 143).

## Procedural History

On January 31, 2011, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Her application was denied. ALJ Osly F. Deramus conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated February 17, 2012 (Tr. 21-27). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the ability to perform a limited range of light work, as defined in 20 C.F.R. § 404.1567(b), *i. e.*, she could lift/carry twenty pounds occasionally and ten pounds frequently, sit/stand/walk up to six hours in an eight-hour workday, but that she had the additional limitations of only occasionally grasping and fingering with the right

upper extremity and only occasional reaching overhead with both upper extremities (Tr. 24). The ALJ concluded that although the claimant was unable to perform her past relevant work, she was nevertheless not disabled because there was other work she could perform in the national and regional economy, *i. e.*, rental clerk (Tr. 27).

**Review**

The claimant contends that the ALJ erred: (i) by failing to fully develop the record; (ii) that the Appeals Council erred by failing to consider new evidence submitted following the ALJ's decision; (iii) by failing to properly assess her RFC, including the credibility determination; (iv) by failing to properly support her determined RFC and further failing to provide more than one job she could perform; (v) by failing to determine that she was disabled at the age of fifty, according to the Medical-Vocational Guidelines, aka "the Grids." The undersigned Magistrate Judge finds the ALJ *did not* have an opportunity to properly evaluate the newly submitted evidence, and the decision of the Commissioner should therefore be reversed.

The ALJ found that the claimant had the severe impairments of carpal tunnel syndrome and tendonitis (Tr. 23). The scant medical evidence reveals that the claimant injured her right wrist in 1992. Follow-up examination in 1993 revealed findings consistent with carpal tunnel and tenosynovitis in the right forearm and wrist. The doctor recommended continued medical evaluation of the wrist and that she not perform work that would require repetitive use of the right forearm, wrist, and hand, or operation of vibratory tools (Tr. 194-199).

Dr. Mohammed Quadeer conducted an in-person examination of the claimant on March 19, 2011 (Tr. 202). The claimant reported left shoulder pain that began while she was working as a CNA and lifting patients with twisting motions, and that she had carpal tunnel syndrome in her right hand and wore a brace when she had to do work (Tr. 202). Upon examination, he noted tendonitis of both arms, carpal tunnel on the right hand, and pain in the left shoulder, but no muscle pain or stiffness, and that her cervical spine was tender C6-7 with full range of motion with associated pain and muscle spasms (Tr. 203-204, 208). He assessed her with pain and tingling in the right hand with carpal tunnel syndrome, and tendonitis in both arms (Tr. 204). A month later, a state reviewing physician found the claimant could perform a full range of medium work (Tr. 210).

Evidence submitted to the Appeals Council reflects that Dr. George H. Tompkins, D.O., completed a Physical Residual Functional Capacity Evaluation of the claimant's abilities. He indicated that the claimant could sit/stand/walk for thirty total minutes each in an eight-hour workday, but also indicated that she could sit for up to two hours at a time (Tr. 218). He indicated that she would need rest breaks at hourly intervals or less, and would need to alternate between sitting and standing at fifteen minute intervals or less (Tr. 218). He checked that she could rarely lift/carry up to five pounds, and never more than that; that she could rarely push/pull and never work in extended position, work above shoulder level, work overhead, or reach; never perform grasping or fingering/fine manipulation; rarely bend and squat, but never crawl, stoop, crouch, kneel, or balance; and rarely climb stairs but never climb ladders, ramps, or scaffolds (Tr. 219-220).

-5-

Although the environmental limitations are not entirely clear, Dr. Tompkins appears to indicate that claimant has mild to moderate restrictions of working near unprotected heights; no restrictions for working near dangerous moving machinery; either no restrictions or moderate restrictions related to handling vibrating tools; and moderate restrictions in all other areas of environmental limitations (Tr. 220). When asked for the objective basis for his RFC assessment, Dr. Tompkins stated, "Pt. has bilateral pain, tremors, paresthesis, reduced ROM, and weakness in hands/wrists, causes her to frequently drop objects, secondary to carpal tunnel syndrome and tendonitis/tenosynovitis. Physical limitations secondary to chronic pain C-spine and left shoulder, fatigue, from chronic pain and definite anxiety" (Tr. 220). In further remarks, he stated, "Based on review of SSA MERs and personal physical exam, it is my medical opinion that pt's pain is real, severe, and intractable; that it severely limits her in ADL's and would contra-indicate even sedentary work on a sustained basis. Impairments have existed since at least 1/28/11 and are unlikely to improve in the foreseeable future" (Tr. 220).

At the administrative hearing, the claimant testified that she has pain in her hands, arms, and shoulders all the time, for which she takes Aleve (Tr. 38-39). She stated that she had a prescription for pain medications, but that she could no longer afford to have it filled (Tr. 39). She testifies that she does not lie down during the day, but that she sits approximately eight hours a day, and that her mother does the housework and her mother and husband cook meals (Tr. 40). She indicated that she spends time with her mother on

a daily basis but does not have other social activities (Tr. 40-41). As for pain, she stated that she has problems leaning back while sitting because it causes pain and pressure in her shoulders (Tr. 41). As to her shoulders, she stated that it hurts when she reaches out and away with her arms, and that her hands tingle and go to sleep, causing her to drop things on a daily basis (Tr. 42). She further testified that she was not seeing a physician because she could not afford to (Tr. 43).

In his written opinion, the ALJ summarized the claimant's hearing testimony and the medical evidence. He noted the claimant's injury from 1992, as well as the claimant's own function report, and summarized Dr. Quadeer's findings (Tr. 24-25). He then found that the claimant was not "particularly credible," then noted the state reviewing physician determinations that she could perform medium work, and stated that the claimant was "slightly more limited than the State Agency physicians opined," based on her hearing testimony (Tr. 25).

The claimant argues that the ALJ failed to properly evaluate the claimant's RFC because he did not basis his RFC findings on any medical evidence, and further failed to discuss how he included some limitations but not all those proposed by the claimant. The claimant's contention that the ALJ failed to properly evaluate all the medical evidence is bolstered by evidence submitted to the Appeals Council after the hearing, which was comprised of Dr. Tompkins's Physical RFC assessment. The Appeals Council was required to consider this evidence if it is: (i) new, (ii) material, and (iii) "related to the period on or before the date of the ALJ's decision." *Chambers v. Barnhart*, 389 F.3d

1139, 1142 (10th Cir. 2004), *quoting Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995). The Appeals Council *did* consider this evidence (Tr. 4), and the undersigned Magistrate Judge has no difficulty concluding that it does qualify.

Evidence is new if it "is not duplicative or cumulative." *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003), *quoting Wilkins v. Sec'y, Dep't of Health & Human Svcs.*, 953 F.2d 93, 96 (4th Cir. 1991). Dr. Tompkins's assessment submitted to the Appeals Council was clearly new evidence that was not presented to the ALJ. Because it reflects the only in-person physical examination on record that offered an assessment of the claimant's physical ability to perform work-related activities on a regular basis, and was thus neither duplicative nor cumulative. Second, evidence is material "if there is a reasonable possibility that [it] would have changed the outcome." *Threet*, 353 F.3d at 1191, *quoting Wilkins*, 953 F.2d at 96. The evidence must "reasonably [call] into question the disposition of the case." *Id. See also Lawson v. Chater*, 1996 WL 195124, at *2 (10th Cir. April 23, 1996). In discounting the claimant's credibility as to the severity of her impairments and her ability to do work, the ALJ relied, at least in part, on the lack of medical evidence, stating her claims were out of proportion to the evidence. But Dr. Tompkins's RFC assessment indicated that the claimant was not capable of working on a full-time basis due to her physical limitations (Tr. 218-220). This evidence suggests the claimant's impairments were discounted in her RFC, and it is therefore clearly material.

Finally, the evidence is chronologically relevant if it pertains to the time "period on or before the date of the ALJ's Decision." *Kesner v. Barnhart*, 470 F. Supp. 2d 1315, 1320 (D. Utah 2006), *citing* 20 C.F.R. § 404.970(b). The claimant meets the insured status through December 31, 2013, and Dr. Tompkins indicated that the impairments he evaluated had existed since *at least* January 28, 2011 (Tr. 220), so all of the records are relevant to the claimant's condition as to the existence or severity of her impairments. *See Basinger v. Heckler,* 725 F.2d 1166, 1169 (8th Cir. 1984) ("[M]edical evidence of a claimant's condition subsequent to the expiration of the claimant's insured status is relevant evidence because it may bear upon the severity of the claimant's condition before the expiration of his or her insured status."), *citing Bastian v. Schweiker,* 712 F.2d 1278, 1282 n.4 (8th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1211 (11th Cir. 1983); *Dousewicz v. Harris,* 646 F.2d 771, 774 (2d Cir. 1981); *Poe v. Harris,* 644 F.2d 721, 723 n. 2 (8th Cir. 1981); *Gold v. Secretary of H.E.W.,* 463 F.2d 38, 41-42 (2d Cir. 1972); *Berven v. Gardner,* 414 F.2d 857, 861 (8th Cir. 1969).

The evidence presented by the claimant after the administrative hearing thus *does* qualify as new and material evidence under C.F.R. §§ 404.970(b) and 416.1470(b), and the Appeals Council considered it, so the newly-submitted evidence "becomes part of the record . . . in evaluating the Commissioner's denial of benefits under the substantial-evidence standard." *Chambers*, 389 F.3d at 1142, *citing O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). The ALJ had no opportunity to perform the proper analysis, and while the Appeals Council considered this new evidence, they failed to analyze it in

-9-

accordance with the aforementioned standards.  In light of this new evidence, the Court finds that the decision of the Commissioner is not supported by substantial evidence.  On remand, the ALJ should re-assess the claimant's RFC in light of the new evidence, and then re-determine the work she can perform, if any, and ultimately whether she is disabled.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence.  The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings.  Any objections to this Report and Recommendation must be filed within fourteen days.  *See* Fed. R. Civ. P. 72(b).

**DATED** this 6th day of March, 2015.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**